**Vamna JOMANDE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,\* Respondent.**

**No. 04–6125–ag.**

United States Court of Appeals, Second Circuit.

May 10, 2006.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Parker Waggaman, New York, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Richard J. Schechter, Assistant United States Attorney, William J. Nardini, Assistant United States Attorney, New Haven, Connecticut, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Vamna Jomande, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his motion to reopen his removal proceedings to allow for review of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), following the entry of an *in absentia* removal order. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). Judicial review of an order entered *in absentia* is limited to: "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." 8 U.S.C. § 1229(b)(5)(D). This Court reviews the denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir. 2004). An abuse of discretion may be found where the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the agency has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

An *in absentia* order may be rescinded only: (1) "upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances," or (2) "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive

**50**

notice in accordance with" 8 U.S.C. § 1229(a). 8 U.S.C. § 1229a(b)(5)(C). "The term 'exceptional circumstances' refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien." 8 U.S.C. § 1229a(e)(1).

BIA precedent indicates that it is not an abuse of discretion to deny a motion to reopen where the alien did not provide any medical evidence or statements from people who knew he was ill, failed to contact the immigration court on the day of the hearing, and submitted a statement lacking in detail as to the cause, severity, or treatment of his illness. *See In re J–P–*, 22 I. & N. Dec. 33, 1998 WL 299471 (BIA 1998). Because the IJ here gave a rational explanation for the denial of the motion to reopen and the denial did not conflict with established BIA precedent, the IJ did not abuse her discretion. *See Kaur*, 413 F.3d at 233–34. Neither Jomande's statement nor the doctor's report indicated the cause of his illness or discussed the severity of it. Jomande also failed to contact the immigration court on the day of his hearing. Finally, the fact that, on the day of the hearing, Jomande was able to go to a doctor's office across the street from the immigration court and then go to his attorney's office, implies that his illness was not serious enough to constitute exceptional circumstances.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).